

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM EGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05 C 6752 |
| | ) | |
| JO ANNE B. BARNHART, | ) | Magistrate Judge |
| Commissioner of Social | ) | Arlander Keys |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On February 1, 2007, the Court issued a Memorandum Opinion and Order remanding William Egan's case to the Commissioner of Social Security. Shortly thereafter, counsel for Mr. Egan petitioned the Court for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Counsel also filed a bill of costs, seeking $259.30, which represents the $250 filing fee and $9.30 for service of process.

The EAJA "authorizes the payment of fees to a prevailing party in an action against the United States; the Government may defeat this entitlement by showing that its position in the underlying litigation 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 124 S.Ct. 1856, 1860 (2004) (citing 28 U.S.C. § 2412(d)(1)(A)). Having won summary judgment in his favor and secured a remand, Mr. Egan is the prevailing party. The Government concedes as much, but argues that fees are not appropriate because the Commissioner's position

was substantially justified; alternatively, the Government argues, the fee request is excessive and should be reduced.

The Government has the burden of establishing that its position was "substantially justified" - that it had "a reasonable basis in law and fact." *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006). It has not met its burden here; as the Court explained in its February 1, 2007 opinion, the ALJ, in denying benefits, failed to comply with Social Security Regulations and Seventh Circuit jurisprudence; among other things, he failed to comply with SSR 96-8p, he failed to identify the physical requirements of Mr. Egan's past work and to assess Mr. Egan's ability to satisfy those requirements, and he made inappropriate independent findings concerning Mr. Egan's subjective complaints of pain. In light of this, it is difficult to see how the Government could have concluded that the ALJ's decision was well-grounded in the record and in the law. The Court, therefore, finds that an award of fees is appropriate.

Having determined this much, the Court must next determine what amount should be awarded. In his initial application, Mr. Egan's counsel sought to recover fees totaling $7,800.00[1], which represented, according to the application, 21.5 hours of attorney time, billed at the rate of $160/hour, and 43.6 hours of

---

[1]Counsel's initial EAJA application actually requests $8,221.88. But this sum is not supported in counsel's records or calculations, and the Court assumes this was simply a math error.

paralegal/law clerk time, billed at the rate of $100/hour. In his reply, counsel added another 4.0 hours of paralegal time, and another 1.7 hours of attorney time, for a total of $672.00, bringing the total fee request to $8,472.00. The fee request includes: 23.2 hours of attorney time worked in 2006 and 2007, billed at the rate of $160/hour, and 47.6 hours of paralegal/law clerk time, billed at the rate of $100/hour.

The Government does not challenge the proposed hourly rates, and the Court finds that they are reasonable. The Government does, however, challenge the number of hours billed.

The Court agrees that some of the time billed should be disallowed. First, some of the entries appear to reflect time spent by counsel on tasks that were purely clerical in nature, and that is inappropriate. *See Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999)(affirming decision to disallow time spent by an attorney and paralegal on essentially clerical or secretarial tasks); *Seamon v. Barnhart*, No. 05 C 0013-C, 2006 WL 517631, at *7 (W.D. Wis. Feb. 23, 2006)(reducing a fee award for time spent by attorneys on clerical tasks such as filing briefs, sending out proof of service, etc.). *See also Hensley v. Eckerhart*, 461 U.S. 424 (1983)(fees for "excessive, redundant or otherwise unnecessary" hours should be disallowed). Thus, the Court will disallow the entries relating to court forms and service of summons and for sending the decision to the

client; all told, this reduces the award by $200 (1.6 hours billed at the rate of $100/hour, and .25 hours billed at the rate of $160/hour).[2]

The Court will also disallow as unnecessary the time spent reading, highlighting and discussing the decision that came out in counsel's favor (1.25 hours billed at $160/hour), as well as the time spent drafting a motion for an extension of time (.60 hours billed at $160/hour) and the time spent appearing in court on a motion that had already been granted (1.0 hours billed at $160/hour).

The Government also argues that the time spent on drafting the complaint and the summary judgment briefs was excessive, due in part to some duplication of effort on the part of the attorneys and the paralegals/law clerks. In the Court's view, these billing entries are not duplicative, but a reflection of the relatively common practice of having more than one person assist in preparing a brief – usually one more junior, to take the first crack at the brief, and one more senior, to rework and refine the work product. At the end of the day, this would seem to reduce the overall bill, not inflate it; certainly, if Mr.

---

[2] The Government argues that counsel should not be permitted to recover fees for tasks performed before the complaint was filed in this case (November 29, 2005). Attorney Daley did bill time during this period, but these time entries do not appear to be included in the fee petition. And Ms. Blaz also billed time during this period, but those entries have been disallowed as administrative. Accordingly, this point would seem to be moot.

4

Daley had written and edited the briefs from start to finish, the bill would have been much higher.

Having said this, however, the Court agrees that the amount of time spent drafting the briefs was a bit high, given counsel's level of experience and familiarity with issues such as those raised in Mr. Egan's case - issues commonly seen in these types of cases. Accordingly, the Court will reduce the hours allowed for Mr. Daley's involvement in the drafting of the briefs by 4.5 hours.

Taking all of the above into account, the Court will allow counsel to recover 16.2 hours of attorney time for work performed in 2006 and 2007 at the rate of $160.00 per hour (for a total of $2,592.00), and 46 hours of paralegal/law clerk time for work performed in 2006 and 2007 at the rate of $100.00 per hour (for a total of $ 4,600.00).

## Conclusion

For the reasons set forth above, the Court grants the application for attorney's fees filed by counsel for Mr. Egan and awards fees as requested, except to the extent explained above. Consistent with the EAJA, the Court awards fees in the amount of $7,192.00. The Court also awards costs in the amount of $259.30 ($250 for the filing fee and $9.30 for service of process). *See* 28 U.S.C. §2412(a)(2); *Collins v. Gorman*, 96 F.3d 1057, 1059-60 (7th Cir. 1996). Said amount is to be paid directly to Mr. Egan's counsel, Daley, DeBofsky & Bryant.

Dated: September 21, 2007         ENTER:

*Arlander Keys*
ARLANDER KEYS
United States Magistrate Judge